UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:11-CR-20-TLS |
| | ) | |
| MANUEL GONZALEZ AVILA | ) | |

**OPINION AND ORDER**

The Defendant, Manuel Gonzalez Avila, pleaded guilty to possessing with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1). This matter is before the Court on the Defendant's Petition for Reduction of Sentence Due to Amended Sentencing Guidelines [ECF No. 51], filed on September 4, 2015. The Government opposes the Defendant's Motion. For the reasons stated herein, the Court finds that the Defendant is not entitled to a reduction of his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782, and denies his Petition.

**BACKGROUND**

A four-count Indictment charged the Defendant with drug and firearm offenses. The Defendant and the Government entered into a written Plea Agreement, which was filed with the Court. According to the Plea Agreement, the Defendant agreed to enter a plea of guilty to Count 2 of the Indictment, charging him with possessing with intent to distribute heroin, in return for the dismissal of Counts 1, 3, and 4. The Plea Agreement contained the following language regarding the Defendant's term of imprisonment:

> I acknowledge that I was previously convicted of a prior felony drug offense and that the government could have filed an enhancement under 21 U.S.C. § 851. I also acknowledge that the advisory guideline range may underrepresent the severity of my offense in light of the potential effect of the enhancement. Therefore, if necessary, I agree that I should receive an upward offense level adjustment or variance equal to the number of offense levels that are sufficient to

> contain a sentence of 168 months, and the government and I agree that I should be sentenced to a term of imprisonment of 168 months. The above-mentioned agreement that I should receive a sentence of 168 months is a binding agreement pursuant to Rule 11(c)(1)(C).

(Plea Agreement ¶ 8.d, ECF No. 27.) Filing an information under § 851 would have caused the Defendant's statutory mandatory minimum to increase from 10 years to 20 years.

The Defendant's sentencing Guidelines range was determined to be 151 to 188 months imprisonment. The Court accepted the Plea Agreement and sentenced the Defendant to 168 months of imprisonment.

## DISCUSSION

Courts have limited authority to modify a term of imprisonment once it is imposed. *See* 18 U.S.C. § 3582(c); *United States v. Stevenson*, 749 F.3d 667, 669 (7th Cir. 2014) ("A term of imprisonment is a final judgment that can only be modified in limited circumstances."). Title 18 U.S.C. § 3582(c)(2) permits a defendant to move for a sentence reduction if he was sentenced to a term of imprisonment "based on" a Guidelines sentencing range that has subsequently been lowered by retroactive amendment. The Government asserts that the Defendant's sentence was not based on the Guidelines. Instead, it was based on a plea agreement that contained a binding term of imprisonment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), also referred to as a (C) agreement. This subsection of Rule 11 permits parties to "agree that a specific sentence or sentencing range is the appropriate disposition of the case," and "binds the court [to the agreed-upon sentence] once [it] accepts the plea agreement." Fed. R. Crim. P. 11(c)(1)(C); *see also id.* (c)(4) (providing that if the court accepts such an agreement, "it must inform the defendant that . . . the agreed disposition will be included in the judgment").

In *Freeman v. United States*, 131 S. Ct. 2685 (2011), the Supreme Court considered whether defendants who enter into plea agreements recommending a particular sentence as a condition of the guilty plea may be eligible for § 3582(c)(2) relief. No majority of the justices agreed on a single rationale. The narrowest, most case-specific basis for deciding *Freeman*, and thus the statement of controlling law, comes from Justice Sotomayor's concurrence. *United States v. Dixon*, 687 F.3d 356, 359 (7th Cir. 2012) (concluding that Justice Sotomayor's concurrence is controlling).

Justice Sotomayor stated that, generally, a sentence imposed pursuant to a binding plea agreement under Rule 11(c)(1)(C) is based on that agreement, not on the Guideline range, so that no relief is available under § 3582(c)(2). *Freeman*, 131 S. Ct. at 2696 (Sotomayor, J., concurring) ("The term of imprisonment imposed by the sentencing judge is dictated by the terms of the agreement entered into by the parties, not the judge's Guidelines calculation."). However, two limited exceptions are recognized. The first applies where the parties "agree that a specific . . . sentencing range is the appropriate disposition of the case." *Id.* at 2697 (quoting Fed. R. Civ. P. 11(c)(1)(C)). Under this particular type of (C) agreement, "the district court's acceptance of the agreement obligates the court to sentence the defendant accordingly, and there can be no doubt that the term of imprisonment the court imposes is 'based on' the agreed-upon sentencing range within the meaning of § 3582(c)(2)." *Id.*; *Dixon*, 687 F.3d at 359. For the second exception to apply, the plea agreement itself must "make clear that the basis for the specified term" is the applicable Guideline range. *Freeman*, 131 S. Ct. at 2697 (stating that the "sentencing range [must be] evident from the agreement itself"); *Dixon*, 687 F.3d at 359.

The Defendant cites to *Freeman* in support of his Petition for a reduction, but does not

3

limit his discussion to Justice Sotomayor's opinion expressing the holding of the Court. In reply to the Government's opposition to his Petition, the Defendant observes that the "Government argues that the Court should ignore the position of Justice Kennedy and adopt the narrower position taken by Justice Sotomayor in *Freeman*." (Def. Reply 4, ECF No. 56.) If, by characterizing the Government's position in this way, the Defendant means for this Court to analyze his Petition in light of the non-controlling portions of *Freeman*, the Court must decline. This Court is bound by the Seventh Circuit's decision that Justice Sotomayor's concurrence is the narrowest grounds of decision and represents the Supreme Court's holding. *See Olson v. Paine, Webber, Jackson & Curtis, Inc.*, 806 F.2d 731, 734 (7th Cir. 1986) ("[A] lower court has no authority to reject a doctrine developed by a higher one."). The doctrine of *stare decisis* binds this Court to follow the decisions of the Supreme Court and of the Seventh Circuit, "unless events subsequent to the last decision by the higher court . . . make it almost certain" that these courts would overrule themselves if given the opportunity. *Id.* No such subsequent events are present here. Under *Marks v. United States*, 430 U.S. 188 (1977), "[w]hen a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those [m]embers who concurred in the judgment on the narrowest grounds." *Id.* at 193 (quotation marks omitted). There is no reason to believe that the Seventh Circuit would overrule its holding that Justice Sotomayor's approach is controlling. *See Dixon*, 687 F.3d at 359 (commenting that "*Marks* is easy to apply here").

The Defendant also argues that, regardless of whether the broad view as written by Justice Kennedy or the narrow view of Justice Sotomayor is applied, he is still eligible for a reduction because he meets the requirements of Justice Sotomayor's second exception. (Reply

4

4.) He asserts that his agreement to "receive an upward offense level adjustment or variance equal to the number of offense levels that are sufficient to contain a sentence of 168 months" is based on the Guideline range. (Reply 4–5, quoting Plea Agreement ¶ 8.d.).

The Court disagrees. To qualify under the second exception, his Agreement would either have to "expressly use" a Guideline range or the range would have to be "evident from the agreement itself." *Freeman*, 131 S. Ct. at 2697. No Guideline range appears in the written terms of the Defendant's Plea Agreement. Nor does the Agreement set forth any information about the Defendant's offense level or criminal history category, or make any attempt to link such calculations to the agreed sentence. In short, the written terms of the Agreement do not "make clear" that any particular Guidelines range was "employed." *See id.*, 131 S. Ct. at 2697, 2700 (Sotomayor, J., concurring in the judgment); *Dixon*, 687 F.3d at 360. To the contrary, the only term expressly identified in the Plea Agreement is the negotiated term of imprisonment of 168 months. The Defendant agreed to any adjustment that would be necessary to accomplish this result, as the Guideline "*may* under-represent the severity of my offense." (Plea Agreement ¶ 8.d (emphasis added).) According to the language of the Plea Agreement, the Guideline range was unknown and, in fact, irrelevant to the ultimate sentence to be imposed, as long as the Court accepted the parties' Plea Agreement. Under these circumstances, the Defendant's sentence cannot be characterized as having been "based on" the Guidelines. *Cf. United States v. Scott*, 711 F.3d 784, 787 (7th Cir. 2013) (where a plea agreement mentioned a base offense level, but no criminal-history score, thus omitting "one of the critical inputs necessary to find a final advisory guidelines range[, it was] impossible to infer from this agreement that the parties based their agreed . . . term on any guidelines range").

Because the Defendant's sentence was based on a negotiated and agreed term of imprisonment, and not based on or tied to the Guidelines, the Defendant is not eligible for a reduction under § 3582(c)(2).

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Petition for Reduction of Sentence Due to Amended Sentencing Guidelines [ECF No. 51].

SO ORDERED on October 15, 2015.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT